IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–95–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| DAVID MARKESH REYNOLDS, | |
| Defendant. | |

Before the Court is Defendant David Markesh Reynolds' Unopposed Motion for Early Termination of Supervised Release. (Doc. 35.) On October 25, 2018, Mr. Reynolds was adjudged guilty of one count of prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). (Doc. 25.) On January 8, 2019, Mr. Reynolds was sentenced to imprisonment for 12 months and one day, and three years of supervised release. (Doc. 29.) Mr. Reynolds now seeks termination of the remaining term of supervised release. The United States does not object to the motion. (Doc. 35 at 1.) United States Probation Officers Kendall Ridgley and Chris Robertson do not object to Mr. Reynolds' early termination. (*Id.* at 1–2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any

1

time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  Mr. Reynolds began his three-year term of supervised release on December 13, 2019 (Doc. 36 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release.  Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to  afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Reynolds' supervised release.  Fed. R. Crim. P. 32.1(c).  Such a hearing is not necessary, however, if Mr. Reynolds waives it, or if the proposed modification is favorable to him and the United States does not object.  The early termination of Mr. Reynolds' supervised release is obviously favorable to him, and the United States did not object.  (Doc. 35.)  Accordingly, the Court will dispose of this matter without a hearing.

conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).  This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Reynolds' remaining term of supervised release.  Mr. Reynolds has been under supervision for approximately 25 months, and he has had no formal revocations or issues of noncompliance during that time.  (Doc. 36 at 2.)  He has maintained steady employment since his release from incarceration, and he has participated in and completed rehabilitation programs during and after his incarceration.  (*Id.* at 3–4.)  He has purchased a home and is involved with his community through church activities and after-school programs.  (*Id.* at 4.)  The motion demonstrates that Mr. Reynolds has been deterred from future criminal conduct and successfully reintegrated into the community.  The Court concludes that the § 3553(a) factors support early termination of his term of supervised release.  The Court wishes Mr. Reynolds the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 35) is GRANTED.

IT IS FURTHER ORDERED that Mr. Reynolds' remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 1st day of March, 2022.

_____
Dana L. Christensen, District Judge
United States District Court